UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **SYLVESTER MEAD** | **CIVIL ACTION NO. 08-1817-P** |
| **VERSUS** | **JUDGE HICKS** |
| **STATE OF LOUISIANA** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the Court is a petition for writ of habeas corpus filed by pro se petitioner Sylvester Mead ("Petitioner"), pursuant to 28 U.S.C. §2254. This petition was received and filed in this Court on November 19, 2008. Petitioner is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. He challenges his state court conviction, habitual offender adjudication, and sentence. He names the State of Louisiana as respondent.

On September 11, 2001, Petitioner was convicted of one count of public intimidation in Louisiana's First Judicial District Court, Parish of Caddo. The trial court judge granted his motion for post-verdict judgment of acquittal. The State appealed. On August 14, 2002, the Louisiana Second Circuit Court of Appeal reversed and reinstated the conviction and remanded the matter to the trial court for consideration of the State's fourth offender bill and for sentencing. State v. Mead, 823 So.2d 1045, 36,131 (La. App. 2 Cir. 8/14/02). The Supreme Court of Louisiana denied writs of review. State v. Mead, 839 So.2d 34, 2002-2384

(La. 3/14/03). On May 28, 2003, the trial court adjudicated Petitioner a second felony offender and sentenced him to ten years imprisonment. The State applied for a writ of review. The Louisiana Second Circuit Court of Appeal found the evidence supported Petitioner's adjudication as a third felony offender and remanded the matter to the trial court for re-sentencing. The trial court sentenced Petitioner to the mandatory sentence of life imprisonment without benefit of parole, probation or suspension of sentence.

Petitioner appealed his habitual offender adjudication and sentence. The Louisiana Second Circuit Court of Appeal affirmed the habitual offender adjudication and remanded the matter to the trial court for reconsideration of the life sentence imposed. State v. Mead, 927 So.2d 1259, 40,406 (La. App. 2 Cir. 4/19/06). The Supreme Court of Louisiana denied writs of review. State v. Mead, 943 So.2d 1060, 2006-1426 (La. 12/8/06). On remand, the trial court sentenced Petitioner to life imprisonment without benefit of parole, probation, or suspension of sentence. Petitioner filed an application for supervisory writ of review which the Louisiana Second Circuit Court of Appeal converted to an appeal. On November 14, 2007, the Court of Appeal remanded the matter for supplementation of the record relative to the propriety and sufficiency of Petitioner's waiver of counsel and request for self-representation. State v. Mead, 988 So.2d 740, 42,674 (La. App. 11/14/07).

On December 18, 2007, the trial court held a hearing and on December 21, 2007 ruled that the record failed to reveal that Petitioner made a clear and unequivocal waiver of his right to counsel. The trial court ruled Petitioner was entitled to a new hearing at which he was represented by new counsel. On June 2, 2008, the trial court held a new hearing and on

July 14, 2008 ruled that a life sentence was not constitutionally excessive. On July 23, 2008, the Louisiana Second Circuit Court of Appeal held the trial court's ruling of February 8, 2007 is moot and the appeal is dismissed. State v. Mead, 988 So.2d 740, 42,674 (La. App. 2 Cir. 7/23/08) (opinion after remand). On July 1, 2009, the Louisiana Second Circuit Court of Appeal affirmed Petitioner's conviction and sentence. State v. Mead, 16 So.3d 470, 44,447 (La. App. 2 Cir. 7/1/09), rehearing denied, (8/13/09).

In support of this petition, Petitioner alleges his conviction, habitual offender adjudication and sentence are illegal.

For the reasons stated below, Petitioner's application for habeas relief should be dismissed for failure to exhaust state court remedies.

## LAW AND ANALYSIS

Habeas corpus relief is available to a person who is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. However, the right to pursue habeas relief in federal court is not unqualified. It is well settled that a petitioner seeking federal habeas corpus relief cannot collaterally attack his state court conviction in federal court until he has exhausted all available state remedies. See Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983).

This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts first opportunity to pass upon and correct alleged constitutional violations. See Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, (1971); Rose, 455 U.S. at 509, 102 S. Ct. at 1198. Moreover, in the event that the record or the habeas

corpus petition, on its face, reveals that the petitioner has not complied with the exhaustion requirement, a United States district court is expressly authorized to dismiss the claim. See Resendez v. McKaskle, 722 F.2d 227, 231 (5th Cir. 1984).

Petitioner filed this petition on November 19, 2008. The Louisiana Second Circuit Court of Appeal did not affirm his conviction and sentence until July 1, 2009. State v. Mead, 16 So.3d 470, 44,447 (La. App. 2 Cir. 7/1/09), rehearing denied, (8/13/09). Thus, Petitioner has not exhausted all available state court remedies prior to filing his petition in this Court.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DISMISSED WITHOUT PREJUDICE.**

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the factual

findings and legal conclusions that were accepted by the district court and not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 10th day of December, 2009.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE